UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FAG BEARINGS CORPORATION, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>_____) | Court No.   03-00205 |

## **COMPLAINT**

The above named plaintiff, through its undersigned attorneys, alleges the following as its complaint:

1. Plaintiff brings this action to compel the reliquidation of the four entries of merchandise set forth in attached Exhibit A, and to annul the liquidations made "as entered," for failure to follow liquidation instructions issued by the U.S. Department of Commerce through the then U.S. Customs Service.

2. Plaintiff was the importer of record of the subject merchandise.

3. This court has jurisdiction pursuant to 28 U.S.C. § 1581(a).

4. The subject entries consist of antifriction bearings and parts thereof which, at the time of entry, were covered by the antidumping duty order denominated <u>Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From Germany</u>, published at 54 Fed. Reg. 20900, et seq. (May 15, 1989)(the "Order").

5. The liquidation of entries subject to the Order was suspended by the Department of Commerce pending further notice. 53 Fed. Reg. 45353 (November 9, 1988).

6. The subject merchandise, which was entered into the United States for consumption between May 9, 1990 and March 25, 1991, was covered by the annual administrative review of the Order conducted by the Department of Commerce for the period May 1, 1990 through April 30, 1991 (POR). <u>Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof; Initiation of Administrative Reviews, etc.</u>, 56 Fed. Reg. 29618 (June 28, 1991) (the "Review").

7. Under 19 C.F.R. § 353.22, then in effect, the inclusion of the subject entries in the Review served to continue in effect the suspension of liquidation.

8. The Commerce Department published its final determination in the Review at 57 Fed. Reg. 28360 (June 24, 1992), after which litigation ensued in this Court challenging various aspects of that final determination. A continuation of the suspension of liquidation of the subject entries was ordered by this Court *pendente litem*.

9. Following the conclusion of litigation before this Court and the Court of Appeals for the Federal Circuit, the Department of Commerce at 63 Fed. Reg. 8908 (February 23, 1998) caused to be published its <u>Notice of Final Court Decision and Amended Final Results of Administrative Reviews</u>.

10. Thereafter, and pursuant to the Amended Final Results, the Customs Service on October 23, 1998 issued Message No. 9296111 to all port directors directing that liquidation of plaintiff's entries during the POR be made for antidumping duties at the rates specified therein.

11. On March 10, 2000, and contrary to the express instructions contained in Message No. 9296111, the Customs Service liquidated the entries set forth on attached Exhibit A "as entered," with no change from the rates and amounts of antidumping duty deposits made by plaintiff at the time of entry.

12. Customs' liquidation of the subject entries other than as set forth in Message No. 9296111 was unlawful, made in violation of the provisions of 19 U.S.C. §1675(a)(2)(C), which require that the administrative review determination by the Department of Commerce "shall be the basis for the assessment of …antidumping duties on entries of merchandise covered by the determination…."

13. On April 3, 2000, in accordance with the provisions of 19 U.S.C. §1514(a)(5), plaintiff timely filed a protest challenging those liquidations on the ground that Customs was without authority to liquidate the entries "as entered," and that such liquidations were not in accordance with the liquidation instructions as aforesaid.

14. On November 13, 2002, Customs denied the subject protest.

15. Customs' denial of the protest was contrary to law.

16. On April 28, 2003, plaintiff timely filed a summons with this Court challenging Customs' denial of the protest.

17. All liquidated duties have been paid.

**WHEREFORE**, plaintiff prays that judgment be entered in its favor declaring that the entries appearing in attached Exhibit A were unlawfully liquidated; declaring that the liquidation of the entries appearing in attached Exhibit A for antidumping duties other than as set forth in Message No. 9296111 was and is null and void; directing Customs to reliquidate the entries at the rates and the amounts of antidumping duty set forth in Message No. 9296111; and for such

other and further relief as the court deems just and appropriate.

                                        Respectfully submitted,

                                        GRUNFELD, DESIDERIO, LEBOWITZ,
                                        SILVERMAN & KLESTADT LLP
                                        Attorneys for Plaintiff
                                        399 Park Avenue, 25th Floor
                                        New York, NY  10022
                                        Tel: (212) 557-4000

                                        ___s/ Robert F. Seely_____

Dated: October 27, 2009                     Max F. Schutzman
                                          Robert F. Seely
New York, New York                       Ned H. Marshak
                                          Andrew T. Schutz

# EXHIBIT A

| PROTEST NO. | ENTRY NUMBER | DATE OF ENTRY |
|---|---|---|
| 5301-00-100084 | 331-3768414-9 | 5-9-90 |
| " | 331-3768497-4 | 6-8-90 |
| " | 131-0356293-3 | 1-19-91 |
| " | 131-0356605-8 | 3-25-91 |

416376_1

## CERTIFICATE OF SERVICE

## BY FIRST CLASS MAIL

I hereby certify that I am over 18 years of age and that I served a copy of the annexed Notice of Appearance and the Complaint filed today in Court No. 03-00205 on:

>Assistant Attorney General
>International Trade Field Office
>United States Department of Justice
>26 Federal Plaza, Room 346
>New York, New York 10278

Attention: Barbara Williams
Attorney in Charge
International Trade Field Office

via first class United States mail, in a securely enclosed envelope with proper postage affixed thereto, on October 27, 2009.

/s/ ROBERT F. SEELY

Document2